UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 09-CR-07

DEMETRIUS JEFFERSON,

    Defendant.

ORDER OVERRULING THE DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR EARLY DISCLOSURE OF GRAND JURY TRANSCRIPT (Doc. # 57); ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION AND ORDER (Doc. # 55); AND DENYING THE DEFENDANT'S MOTION TO STRIKE COUNT FOUR OF THE INDICTMENT (Doc. # 37)

On August 26, 2009, the defendant, Demetrius Jefferson, filed a Motion to Strike Count Four of the Superseding Indictment. (Doc. # 37.) On October 9, 2009, Jefferson filed a motion for early disclosure of the grand jury transcript. (Doc. # 47.)[1] On October 23, 2009, Magistrate Judge Aaron E. Goodstein issued a Recommendation that this court deny Jefferson's motion to strike, and an Order denying Jefferson's motion for early disclosure of the grand jury transcript. (Doc. # 55.) Jefferson timely filed an objection to the portion of Judge Goodstein's Order denying his motion for early disclosure of the grand jury transcript.

A magistrate judge has authority to decide nondispositive motions, although a party may object, i.e., appeal. Fed. R. Crim. P. 59(a); see 28 U.S.C. § 636(b)(1)(A). The district court may set aside the magistrate judge's determination, or any portion of it, if a defendant shows that the order is contrary to law or clearly erroneous. § 636(b)(1)(A); Fed.

---

[1] Also on October 9, 2009, Jefferson filed a motion to suppress evidence and requesting a Franks hearing. (Doc. # 46.) That motion is the subject of a separate Order and Recommendation issued by Judge Goodstein, and objections thereto will be addressed in a separate order by this court.

R. Crim. P. 59(a). The clear error standard means that the court can overturn the magistrate judge's ruling only if it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). However, on dispositive motions and certain other matters enumerated in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59, including those that dispose of a charge or defense, a magistrate judge may only propose findings and make recommendations. § 636(b)(1)(A), (B); Fed. R. Crim. P. 59(b)(1). A district court must review de novo the recommendations of the magistrate judge to which a party timely objects. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2), (3). However, portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Thus, the de novo standard of review applies only to matters on which a party objects to a magistrate judge's recommendation (rather than an order) on the issues set forth in § 636(b)(1)(A) and Fed. R. Crim. P. 59(b)(1).

Jefferson objects only to the portion of Judge Goodstein's Recommendation and Order concerning early disclosure of grand jury transcripts—even though the local rules of this court require the government to turn over grand jury transcripts no less than one day before trial, see Crim. L.R. 16.1(d). Inasmuch as his motion for early disclosure concerns nondispositive matters, see Fed. R. Crim. P. 59, this court applies the clear error standard in reviewing Judge Goodstein's Recommendation and Order.

Federal Rule of Criminal Proceedure 6(e)(3)(E)(ii) allows disclosure of grand jury proceedings 'when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." A defendant "must show a particularized need for the review to overcome the presumption of secrecy embodied in the grand jury process."

*United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993) (citing *Lucas v. Turner*, 725 F.2d 1095, 1102-09 (7th Cir. 1984)). "'Parties seeking grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *In re EyeCare Physicians of Am.*, 100 F.3d 514, 519 (7th Cir. 1996) (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)). This is a "deliberately stringent" standard, and "a mere possibility of benefit does not satisfy the required showing of particularized need." *In re Grand Jury Proceedings*, 942 F.2d 1195, 1199 (7th Cir. 1991)).

Here, Jefferson asserts that there are "substantial inconsistencies" between the statements of a citizen witness included in the affidavit presented in support of the search warrant, and later statements made by the citizen witness in a recorded interview with police. With this, Jefferson argues that the grand jury may have somehow been exposed to misrepresentations, and that the transcript of grand jury proceedings may provide grounds to seeking dismissal of the indictment. He contends that this court's local rule requiring disclosure of grand jury transcripts no later than one day before trial is insufficient under the circumstances.

Judge Goodstein rejected these arguments, finding that Jefferson has not established a particularized need for early disclosure of the transcripts as requested. According to the magistrate judge, regardless of how Jefferson spins the matter, the essence of his motion is that the grand jury was not presented with sufficient, appropriate evidence to sustain the indictment. Hence, Judge Goodstein concluded that Jefferson's challenges cannot succeed. *See e.g, United States v. Calandra*, 414 U.S. 338, 343 (1974)

(noting that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence").

In the pending objection, Jefferson summarizes the arguments presented earlier to Judge Goodstein, but fails to articulate how Judge Goodstein's order is contrary to law or clearly erroneous. Without more, this court finds no grounds for upsetting Judge Goodstein's Recommendation and Order. Therefore, after due consideration and the record in this case,

IT IS ORDERED that Jefferson's Objection to the Magistrate Judge's Recommendation and Order (Doc. # 57) is overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's Recommendation and Order (Doc. # 55) is adopted.

IT IS FURTHER ORDERED that Jefferson's Motion to Strike (Doc. # 37) is denied.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE