UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 09-CR-07

DEMETRIUS JEFFERSON,

        Defendant.

ORDER OVERRULING THE DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION (Doc. # 56); ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION AND ORDER (Doc. # 53); AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS (Doc. # 46)

October 9, 2009, the defendant, Demetrius Jefferson, filed a motion to suppress evidence and requested a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978).[1] (Doc. # 46.) On October 20, 2009, Magistrate Judge Aaron E. Goodstein issued an Order denying Jefferson's request for a *Franks* hearing, and Recommendation that this court deny the motion to suppress evidence. (Doc. # 53.) Jefferson has timely filed objections to portions of the Order and Recommendation. Specifically, he objects to Judge Goodstein's Order denying his request for a *Franks* hearing.

A magistrate judge has authority to decide nondispositive motions, although a party may object, i.e., appeal. Fed. R. Crim. P. 59(a); see 28 U.S.C. § 636(b)(1)(A). The district court may set aside the magistrate judge's determination, or any portion of it, if a defendant shows that the order is contrary to law or clearly erroneous. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). The clear error standard means that the court can overturn the magistrate

---

[1] Initially, the motion was initially styled a "Motion to Dismiss Indictment (Franks Hearing). However, the parties recognized that it is in fact a motion to suppress, and the defendant refers to it as a motion to suppress evidence in his objections before this court.

judge's ruling only if it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

However, on dispositive motions and certain other matters enumerated in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59, including those that dispose of a charge or defense, a magistrate judge may only propose findings and make recommendations. § 636(b)(1)(A), (B); Fed. R. Crim. P. 59(b)(1). A district court must review de novo the recommendations of the magistrate judge to which a party timely objects. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2), (3). However, portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Thus, the de novo standard of review applies only to matters on which a party objects to a magistrate judge's recommendation (rather than an order) on the issues set forth in § 636(b)(1)(A) and Fed. R. Crim. P. 59(b)(1).

Jefferson presents three arguments in support of his motion (which are repeated in his objection). First, he asserts that the affiant's statement that an informant provided information against her penal interest is false because the informant denied any role in the offense.[2] Second, he submits that the affiant's statement that the informant observed Jefferson distributing crack cocaine in the form of "8 balls" is unreliable because the informant later told law enforcement that Jefferson sold to "local crack heads" (indicating sales of smaller amounts). Third, Jefferson contends that the affiant's statement that the informant identified three types of handguns is unreliable inasmuch as the informant later told law enforcement that she was "not that familiar with guns" and did not know what kind

---

[2] The defendant indicates that the informant's statements to police (which demonstrate the alleged inconsistencies underlying his motion) are "contained in the discovery materials." This includes "an officer's summary of [the informant's] statements and also an audio recording of the interview with [the informant]." (Doc. # 46.) The defendant's motion indicates that the informant provided information to the affiant on September 27, 2009. The affidavit appears to be dated October 6, 2008. The search was conducted on October 7, 2008. And, it appears the informant provided additional statements to the police on October 8, 2009.
- 2 -

of guns Jefferson had. (Doc. # 46.) Jefferson suggests that the affiant must have known the information attributed to the informant was false.

"In order to obtain a *Franks* hearing, [a defendant] need[s] to make a 'substantial preliminary showing' that the affiant had intentionally or recklessly included a false statement in the affidavit, and that the false statement was material, in the sense that it was necessary to find probable cause. *United States v. Schultz*, - - F.3d - -, 2009 WL 3644333, *3 (7th Cir. Nov. 5, 2009) (quoting *Franks*, 438 U.S. at 155-56). "The standard is not whether the affidavit contains a false statement, but whether the affiant knew or should have known that a statement was false." *Id.* (citing *United States v. Jones,* 208 F.3d 603 (7th Cir. 2000)); *United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009) ("[T]he evidence must show that the officer submitting the complaint perjured himself or acted recklessly because he seriously doubted or had obvious reason to doubt the truth of the allegations."). "This burden is substantial, and *Franks* hearings are rarely required." *Johnson*, 580 F.3d at 670 (citing *United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001)).

Judge Goodstein rejected all of Jefferson's arguments, and this court concurs. None of the inconsistencies alleged, even if true, constitutes a "substantial preliminary showing" that the affiant perjured himself or acted recklessly. First, as observed by Judge Goodstein, that the informant at some point denied involvement in the offense does not indicate that the affiant lied (or was sufficiently reckless) in stating that the informant provided information against her penal interests—one of several statements put forward by the affiant to indicate the informant's reliability. Further, the informant's subsequent statement to law enforcement that Jefferson sold to "local crack heads" does not necessarily conflict with an earlier statement that Jefferson sold "8 balls"—as a drug dealer, can sell "8 balls" and lesser amounts. In any event, this argument rests on the subjective use and understanding impressions of the phrase "crack head" and does not speak to the affiant's state of mind at

the time he provided the affidavit. Similarly, Jefferson's argument that the affidavit is inconsistent with later statements by the informant regarding firearms does not indicate that the affiant knew or should have known the statement contained in the affidavit was false. To the extent he hints that the affiant may have "falsely claimed that the witness knew the details concerning firearms," that argument is rejected as conclusory and speculative. *See Johnson,* 580 F.3d at 670 ("Conclusory, self-serving statements are not enough to obtain a *Franks* hearing."); *United States v. McAllister*, 18 F.3d 1412, 1416 (7th Cir. 1994) ("'[T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine' the affiant." (quoting *United States v. Radtke*, 799 F.2d 298, 309, 310 (7th Cir. 1986)). Without more, there are no grounds for upsetting Judge Goodstein's Order and Recommendation. Hence, after due consideration of the record in this case,

IT IS ORDERED that Jefferson's Objection to the Magistrate Judge's Order Denying a *Franks* Hearing and Recommendation that the Motion to Suppress be Denied (Doc. # 56) is overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's Order and Recommendation (Doc. # 53) is adopted.

IT IS FURTHER ORDERED that Jefferson's Motion to Suppress (Doc. # 46) is denied.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE